IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DONALD JACKSON                                                                                    PETITIONER
Reg #25664-077

v.                                    Case No. 2:11CV00233 SWW-JTK

T.C. OUTLAW, *Warden*,
FCI-Forrest City                                                                                  RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Donald Jackson for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket Entry # 1) Petitioner's federal sentence derives from a conviction in the United States District Court for the Northern District of Texas where he received a 262-month sentence for theft and assault of a postal employee with a deadly weapon and a sixty-month (60) sentence for use of a firearm in the commission of a crime, consecutively. (Docket Entry #8-1, at 9) The Fifth Circuit affirmed the convictions. *See id.* at 10. Subsequently, the docket reflects that Petitioner at least six times[1] sought habeas relief pursuant to 28 U.S.C. § 2255. Those motions were denied, and on appeal to the Fifth Circuit, affirmed, occasionally with sanctions. *Id.* at 14, 20. In this § 2241 petition, Jackson asserts that the Court should vacate his conviction and sentence and correct the sentence to reflect 262 months.

---

[1] March 11, 1996; November 5, 1997; April 30, 1999; February 9, 2004; April 7, 2005; and June 27, 2005. (Docket Entry #8-1, at 10-19)

(Docket Entry #1-1, at 5) Respondent contends the petition should be dismissed because this Court lacks subject matter jurisdiction to entertain the petition under § 2241. (Docket Entry #8, at 6) In his Reply, Petitioner argues that he is actually innocent of the firearm charge, and because he is innocent, his continued incarceration is a miscarriage of justice. (Docket Entry #9, at 1) For the reasons that follow, the Court agrees with Respondent and finds that the petition should be denied and dismissed with prejudice.

Petitioner is not entitled to use this § 2241 proceeding to challenge the validity of his current federal sentence. Petitioner is incarcerated in this judicial district, but this is not the district where his federal conviction and sentence arose. Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a § 2255 motion to vacate, set aside or correct. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* § 2255 ¶ 1 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court that convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323. Accordingly, any claims challenging the validity of Petitioner's federal sentence should be directed to the Texas district court that convicted and sentenced him or to the appropriate Court of Appeals (in this case, the Fifth Circuit).

No court has jurisdiction to hear such a challenge under § 2241 unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "is inadequate or ineffective to test the

legality of . . . [his] detention." *DeSimone*, 805 F.2d at 323 (quoting § 2255). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *Abdullah*, 392 F.3d at 959, because when it applies, it can save a § 2241 habeas from being dismissed under the § 2255 exclusive remedy rule. Here, Petitioner is clearly challenging the validity of the sentence that was imposed by the Texas federal court. Such a challenge is appropriate under § 2255, and as previously noted, Petitioner has sought such review numerous times in the Texas district courts and the Fifth Circuit. The Eighth Circuit has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed[.]" *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (internal citations omitted); *see also Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (concluding that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

For the foregoing reasons, the Court concludes that habeas corpus relief pursuant to section 2241 is not available to Petitioner. Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (Docket Entry #1) should be denied, dismissing this action this action in its entirety with prejudice.

SO ORDERED this 12th day of June, 2012.

_____
UNITED STATES MAGISTRATE JUDGE